Andrew Van Arsdale
(CA Bar #323370)
*Pro Hac Vice*
AVA LAW GROUP, INC.
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
andrew@avalaw.com

Sandra Daussin
(AZ Bar #037274, NC Bar #56465)
AVA LAW GROUP, PC
52 Somerleigh Way
Pittsboro, North Carolina 27312
Telephone 406-500-3245
sandra.daussin@avalaw.com

*Attorneys for Plaintiffs*

# IN THE U.S. DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Tucson Environmental Justice Task Force, et al<br><br>Plaintiffs,<br><br>v.<br><br><br>U.S. Food and Drug Administration, et al<br><br>Defendants. | Case No. 4:25-cv-00035-JAS<br><br><br>**[LODGED] SUR REPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A SECOND CONTINUANCE** |

Plaintiffs Tucson Environmental Justice Task Force, Arno Krotzky, PhD, and The Law Office of Sandra T. Daussin, PLLC submit this [lodged] sur reply to address new factual assertions raised for the first time in Defendants Food and Drug Administration ("FDA") and the FDA Commissioner's reply in support of their request

AVA LAW GROUP, INC.
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
(800) 777-4141

for a second continuance. (Doc. 26). Plaintiffs have separately moved for leave to file this sur reply, which Defendants oppose.

Defendants now assert that (1) they never stated they intended to deny Plaintiffs' Citizen Petition, and (2) FDA was not aware of impending staffing shortages when the parties agreed to the first continuance in March 2025. (Doc. 26, p. 1:28, p. 4:1-3). These claims contradict Plaintiffs' response and the record. (Doc. 24, p. 7:1-4; p. 11:26-27). This sur reply provides documentation substantiating those two points.

***First***, Defendants' current counsel, Mr. Katzen, was not present at the December 2, 2025 meeting where FDA's anticipated denial of the Petition was discussed. **Ex. 1**. Former counsel Mr. Crane Hirsch attended. [1] At that meeting, Plaintiffs' counsel, Ms. Daussin, offered to narrow the Petition to just two tolerances (PFOS and PFOA) on two foods (milk and fish) to help FDA meet its promised December 31 deadline. Mr. Crane Hirsch, Defendants' former counsel, responded that FDA needed more time to craft a response that would not be deemed "arbitrary and capricious" because Plaintiffs would sue again "if the Petition is denied." Plaintiffs understood this to mean FDA was preparing a denial.

***Second***, the parties' March 20, 2025 joint motion for a continuance relied heavily on FDA's representation that it "fully expects" to issue a final response by December

---

[1] Mr. Katzen entered a notice of appearance in this matter on December 15, 2025; Mr. Crane-Hirsch withdrew as counsel for Defendants on December 23, 2025. (Docs. 21, 22).

31, 2025. (Doc. 24, p. 5:1-4, citing Doc. 18, p. 2). Defendants contend the April Reduction in Force ("RIF") was unforeseeable because it was not known until "the month *after* the parties requested" the continuance to December 31. (Doc. 26, p. 4:1–3). The record contradicts this. Executive Orders issued on January 20 and February 11, 2025 directed federal agencies to prepare for large-scale RIFs. **Ex. 2**, pp. 2-5. On February 26, 2025, the U.S. Office of Management and Budget and the Office of Personnel Management instructed agencies to submit their RIF and reorganization plans by March 13, 2025. *Id*., pp. 7, 9. Reporting on February 27, 2025 specifically identified FDA as facing significant workforce cuts. *Id*., pp. 14-20. Moreover, FDA publicly announced its RIF on April 2, 2025, less than two weeks after the March 20 joint filing. *Id*., pp. 21-23. These facts show the RIF was neither unknown nor unforeseeable when Defendants joined the March 20 request to continue this matter until December 31. (Doc. 18).

In sum, Defendants' new assertions conflict with the documented record and underscore that their motion for a second continuance, filed on the day the response to the Petition was due, is an inexcusable delay tactic. Plaintiffs' remaining arguments in their response stand on their merits. (Doc. 24, *generally*). Thus, Defendants' characterization that Plaintiffs seek judgment merely because they are "unhappy" with Defendants' requested for a second continuance is baseless; further, the request that "needless to say" they should be afforded the "natural" step of filing an answer, or more likely a meritless motion to dismiss, should be ignored. (Doc. 26, p. 4:10-19).

**WHEREFORE**, Plaintiffs respectfully request the Court to deny Defendants'

AVA LAW GROUP, INC.
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
(800) 777-4141

AVA LAW GROUP, INC.
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
(800) 777-4141

motion for a second continuance (Doc. 26) in its entirety and issue a judgment against the Defendants as provided in Plaintiffs' response.

**RESPECTFULLY SUBMITTED** this 10th day of February 2026.

**AVA LAW GROUP**

By:  */s/ Sandra Daussin*
        Sandra Daussin
        AVA Law Group, PC
        52 Somerleigh Way
        Pittsboro, NC 27312
        Telephone (406)-500-3245

By:  */s/ Andrew Van Arsdale*
        Andrew Van Arsdale
        *Pro Hac Vice*
        AVA Law Group, Inc.
        3667 Voltaire Street, Ste. 101
        San Diego, CA 92106
        Telephone (800) 777-4141

        *Attorneys for Plaintiffs*

AVA Law Group, Inc.
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
(800) 777-4141

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *[LODGED] SUR REPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A SECOND CONTINUANCE* was electronically filed with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

This 10th day of February 2026.

*/s/ Sandra Daussin*
Sandra Daussin
AVA Law Group, PC
52 Somerleigh Way
Pittsboro, NC 27312
Telephone (406)-500-3245
Email: sandra.daussin@avalaw.com